**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| J.B. and C.A.-O., on behalf of a minor, J.B | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Civ. No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| SCHOOL DISTRICT OF PHILADELPHIA | ) | |
| | ) | |
| Defendant. | ) | |

_____  )

## <u>VERIFIED COMPLAINT</u>

1.      Defendant is a public school district pursuant to the Pennsylvania Public School Code of 1949, 24 P.S. § 101 et. seq.

2.      Defendant currently refuses to maintain Plaintiff, J.B.'s, pendent special education placement at Pennsylvania School for the Deaf in violation of 20 U.S.C. §1415(j).

3.      Defendant's refusal to follow Congress' 'Stay Put' provision in the Individuals with Disabilities in Education Act ("IDEA") denies J.B. an education since the start of the 2021-2022 school year.

4.      Defendant, through its counsel, conceded that Pennsylvania School for the Deaf is J.B.'s pendent special education placement, and yet, in willful violation of the law, the School District refuses to submit the necessary paperwork in order for J.B. to begin his kindergarten year.

5.      Plaintiffs accordingly bring this action for both injunctive relief, prevailing party fees, and other equitable remedies to remedy Defendant's violations of the IDEA, Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504").

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over these claims as exhaustion does not apply to an action to establish a child's pendent placement under the stay put provision.  *See R.B. v. Mastery Charter Sch*., 762 F. Supp. 2d 745 (E.D. Pa. 2010) *citing* then-Judge Sotamayor in *Murphy v. Arlington Central School District Board of Education*, 297 F.3d at 199 (2nd Cir. 2002): "the administrative process is 'inadequate to remedy violations of §1415(j), because given the time-sensitive nature of the IDEA's stay-put provision, 'an immediate appeal is necessary to give realistic protection to the claimed right."

7.     ADA Title II and Section 504 of the Rehabilitation Act claims in this case pursuant to 28 U.S.C. § 1331 arise directly from Defendant's violation of §1415(j).  Plaintiffs' claims arise under the laws of the United States and the relief sought herein is within the power of the Court to grant. *See* 29 U.S.C. § 701, *et seq*. and 20 U.S.C. § 1681, *et seq*.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims set forth herein occurred within the jurisdiction of this Court.

9.     The Court has personal jurisdiction over the School District of Philadelphia, which is a public school district in Philadelphia, Pennsylvania.

## PARTIES

10.     J.B. and C.A.-O., parents of J.B., bring this action on behalf of J.B., a 6-year-old who was born deaf.

11.     J.B. and C.A.-O. are also deaf.

12.     Plaintiffs are residents of Philadelphia, Pennsylvania.

13.     J.B. has been eligible for special education services through Elwyn, Inc since 2018 and is currently eligible for special education pursuant to the IDEA.

14.     J.B. is a qualified individual with a disability under Section 504 of the Rehabilitation Acts of 1972 and 1974 ("Section 504") and under Title II of the Americans with Disabilities Act ("ADA").

15.     Defendant is a public school district with an address of 440 North Broad Street, Philadelphia, Pennsylvania 19130.  As a public school district, Defendant is, under Title II of the ADA, a public accommodation.  *See* 42 U.S.C. § 12181.

## FACTS

16.     Plaintiff, J.B., is a qualified individual with a disability under the IDEA, Section 504 and the ADA.

17.     Defendant has acknowledged that J.B. is a qualified individual with a disability.

18.     J.B. is a six year old child who has been diagnosed with Deafness since birth.

19.     J.B. began receiving Early Intervention services through Elwyn in 2018.

20.     Elwyn placed J.B. at Pennsylvania School for the Deaf in 2018 through his IEP. Pennsylvania School for the Deaf is an approved private school through the Pennsylvania Department of Education.

21.     J.B. has remained placed at Pennsylvania School for the Deaf throughout Early Intervention.

22.     At Pennsylvania School for the Deaf during Early Intervention, J.B. was enrolled in a small group classroom of students throughout the day where the language of instruction was American Sign Language.

23.     J.B. also received speech and language therapy as well as transportation as related services.

24.     Each one of the twelve annual goals in the last Elwyn IEP contain either instruction in American Sign Language as a strategy for reaching the outcome/goal or American Sign Language as a measure of progress.

25.     J.B. is currently using three to four words to communicate using American Sign Language.

26.     At J.B.'s last annual IEP meeting on April 19, 2021, the IEP team agreed that J.B. needed to remain at Pennsylvania School for the Deaf.

27.     The April 19, 2021 IEP contains over five hours, five days a week of Specialized Instruction at "APS placement at Pennsylvania School for the Deaf."

28.     Full time placement at Pennsylvania School for the Deaf is the last agreed upon placement by Elwyn and Parents.

29.     J.B. attended Pennsylvania School for the Deaf through Elwyn up until July 31, 2021 when he aged out of Early Intervention services.

30.     The District received the intent to register from Parents on April 19, 2021.

31.     Plaintiffs registered J.B. in the District on June 2, 2021.

32.     The District did nothing to transition J.B. into school age services prior to the first day of the 2021-2022 school year.

33.     The District has all together failed to hold an IEP meeting.

34.     The District is refusing to follow Elwyn's last IEP and instead has proposed "supplemental deaf and hard of hearing support" with no explanation as to why full time support at Pennsylvania School for the Deaf has been rejected.  Placement at Pennsylvania School for the Deaf was not even an option considered by the District.

35.     The school proposed by the District does not provide full time instruction in American Sign Language.  When Plaintiff asked how the staff would communicate with J.B., she was told by using gestures.

36.     Plaintiffs received a NOREP via email on Thursday, September 23, 2021 for "supplemental deaf and hard of hearing support."

37.     On Friday, September 24, 2021, Plaintiffs met with Adam Buck from the School District who told Parent that if she did not sign the NOREP, J.B. would be marked absent.

38.     The District has not issued a Permission to Reevaluate J.B.

39.     The District has not held an IEP meeting nor has the District even sent an invitation to hold an IEP meeting.

40.     The School District's 2021-22 school year began on August 31, 2021.

41.     The first day of school at Pennsylvania School for the Deaf was September 8, 2021.

42.     J.B. has received no instruction during the 2021-22 school year whatsoever.

43.     Plaintiffs filed an administrative due process complaint to invoke pendency in J.B.'s last agreed upon special education placement with Elwyn: full time placement in an approved private school, Pennsylvania School for the Deaf on September 28, 2021.

44.     Plaintiffs' due process complaint also seeks compensatory education and a finding of discrimination.

45.     The Pennsylvania Office of Dispute Resolution assigned the case, ODR # 25524-21-22KE, assigned Hearing Officer Michael J. McElligott, and scheduled a hearing to begin on November 13, 2021.

46.     Pennsylvania School for the Deaf requires a referral to be made for school age services.  This is in compliance with the Pennsylvania Department of Education's Approved Private School process.

47.     After filing the administrative due process complaint on September 28, 2021, undersigned counsel alerted the District that Plaintiffs expected a referral to be made to Pennsylvania School for the Deaf immediately in order to ensure J.B.'s special education pendent placement remained.

48.     After there was no response from the School District, Plaintiffs filed a Stay Put Motion with Hearing Officer McElligott on October 4, 2021.

49.     The School District, through counsel, conceded that Pennsylvania School for the Deaf is J.B.'s pendent placement via email on October 18, 2021.

50.     Because the School District had still not initiated the referral process for J.B. to begin at Pennsylvania School for the Deaf, Plaintiffs requested a stay put order from the Hearing Officer.

51.     Hearing Officer McElligott issued an order on October 22, 2021 stating, "To the extent that it has not already done so, forthwith, but no later than Tuesday, October 26th, the Philadelphia School District shall assume procedural, financial, logistical, and any other support to maintain the student's program and placement at the specialized school where the student has attended prior to the 2021-2022 school year."

52.     Pennsylvania School for the Deaf confirmed via its counsel that as of 4:30pm on October 27, 2021, the School District has failed to submit the necessary paperwork for J.B. to begin at Pennsylvania School for the Deaf.  The School District is in willful violation of the October 22, 2021 Hearing Officer Stay Put Order.

## COUNT I: VIOLATION OF THE INDIVIDUALS
## WITH DISABILITIES IN EDUCATION ACT

53.      Plaintiffs hereby incorporate each and every allegation in the preceding

paragraphs of this Complaint as if set forth fully herein.

54.      Plaintiff, J.B., is eligible for special education as a student with Deafness.  See 20

U.S.C. §1401(3)(A).

55.      J.B.'s current educational placement is a full time placement at Pennsylvania

School for the Deaf, as conceded to by Defendant.

56.      Defendant proposed a change in placement on September 23, 2021 by issuing a

NOREP for supplemental deaf and hard of hearing services in the School District.

57.      Plaintiffs filed a special education due process complaint on September 28, 2021

to stop the change of placement and invoke the IDEA's stay-put requirement.

58.      Defendant refused to maintain J.B.'s placement at Pennsylvania School for the

Deaf.  Therefore, a Motion for Stay Put in Pennsylvania School for the Deaf was filed by

Plaintiffs with the assigned administrative hearing officer.

59.      Following concession by District counsel that Pennsylvania School for the Deaf is

J.B.'s current placement, the Hearing Officer issued a formal order directing the School District

as follows: "To the extent that it has not already done so, forthwith, but no later than Tuesday,

October 26th, the Philadelphia School District shall assume procedural, financial, logistical, and

any other support to maintain the student's program and placement at the specialized school

where the student has attended prior to the 2021-2022 school year."

60.      Pennsylvania School for the Deaf confirmed via its counsel that as of 4:30pm on

October 27, 2021, the School District has failed to submit the necessary paperwork for J.B. to

begin at Pennsylvania School for the Deaf.  The School District is in willful violation of the

October 22, 2021 Hearing Officer Stay Put Order.

61.     Defendant has willfully refused to maintain J.B.'s pendent placement pursuant to

20 U.S.C. §1415(j).

62.     Defendant's violation of the stay put provision of the IDEA has caused and will

continue to cause J.B. the irreparable loss of his educational placement plus reasonable

attorney's fees, costs, and interest.

WHEREFORE, Plaintiffs request the following relief:

a)      An order directing Defendant to immediately complete the necessary paperwork
        and place J.B. at Pennsylvania School for the Deaf;

b)      An order finding Defendant in contempt of court for failing to comply with the
        administrative hearing officer stay put order;

c)      Reimbursement for expert witness costs and fees;

d)      An award of attorneys' fees and costs; and

e)      Such other and further relief as appears reasonable and just.

## COUNT II: VIOLATIONS OF TITLE II OF
## THE AMERICANS WITH DISABILITIES ACT

63.     Plaintiffs hereby incorporate each and every allegation in the preceding

paragraphs of this Complaint as if set forth fully herein.

64.     Defendant is a public school and, thus, a "public accommodation" under Title II

of the ADA.  *See* 42 U.S.C. § 12131.

65.     Title II of the ADA states "no qualified individual with a disability shall, by

reason of such disability, be excluded from participation in or be denied the benefits of services,

programs, or activities of a public entity, or be subjected to discrimination by any such entity."

42 U.S.C. § 12132.

66.     Public entity includes " any State or local government; [and] and department, agency, special purposed district, or other instrumentality of a State or States or local government . . . ."  42 U.S.C. § 12131(1).

67.     The ADA specifically defines discrimination on the basis of disability to include "the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, privileges, advantages, or accommodations . . .."  *See* 42 U.S.C. § 12182(b)(2)(A)(i).

68.     The ADA prohibits discrimination that includes " a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities..."  *See* 42 U.S.C. § 12182(b)(2)(A)(ii).

69.     "Deliberate indifference may be established where harm occurred on numerous previous occasions and officials failed to respond appropriately, or where risk of harm is great and obvious." *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999) (*citing Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

70.     The "deliberate indifference standard" requires "(1) knowledge that a federally protected right is substantially likely to be violated . . . and (2) failure to act despite that knowledge." *S.H. v. Lower Merion*, 729 F.3d at 265 (*citing Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001)).  "Deliberate indifference 'does not require a showing of personal ill will or animosity toward the disabled person.'"  *S.H. v. Lower Merion Sch. Dist.*, 729 F.3d 248, 263 (3d Cir. 2013) (*quoting Meagley v. City of Little Rock*, 639 F.3d 384, 389 (8th Cir. 2011) (*quoting Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228-29 (10th Cir. 2009)).

71.     Risk of harm to J.B. by failing to provide his required specialized instruction is great and obvious.

72.     Defendant, by refusing to follow the stay put mandate in the IDEA, has denied J.B. his education because of his disability.

73.     Defendant has thereby discriminated against Plaintiffs in violation of the Americans with Disabilities Act.

74.     Defendant's violation of the ADA will cause Plaintiffs the irreparable loss of J.B.'s educational placement plus reasonable attorney's fees, costs, and interest.

WHEREFORE, Plaintiffs request the following relief:

a.   An order directing Defendant to immediately complete the necessary paperwork and place J.B. at Pennsylvania School for the Deaf;

b.   An order finding Defendant in contempt of court for failing to comply with the administrative hearing officer stay put order;

c.   An award of compensatory damages;

d.   Reimbursement for expert witness costs and fees;

e.   An award of attorneys' fees and costs; and

f.   Such other and further relief as appears reasonable and just.

**COUNT III: SECTION 504 OF THE REHABILITATION ACT**

75.     Plaintiffs hereby incorporate each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

76.     Under Section 504, no otherwise qualified individual with a disability shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 29 U.S.C.S. § 794.

77.     As detailed above, Defendant has intentionally, purposefully, and/or with deliberate indifference violated the rights of Plaintiffs secured by Section 504 of the Rehabilitation Act of 1973, *as amended*, 29 U.S.C. § 794 and 34 C.F.R. § 104.4, by subjecting Plaintiffs to discrimination on the basis of their disabilities or by excluding and/or denying Plaintiffs from participating in, or benefiting from, the Defendant's programs, actives, and services.

78.     Defendant is a recipient of Federal money.

79.     Defendant's  sovereign immunity under the Eleventh Amendment is explicitly abrogated pursuant to 42 U.S.C.S. §2000d-7.  "A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 USCS §794] . . . ."  42 U.S.C.S. §2000d-7(a)(1).

80.     In claims against a State for violating Section 504, "remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a state."  42 U.S.C.S. §2000d-7(a)(2).

WHEREFORE, Plaintiffs request the following relief:

a)  An order directing Defendant to immediately complete the necessary paperwork and place J.B. at Pennsylvania School for the Deaf;

b)  An order finding Defendant in contempt of court for failing to comply with the administrative hearing officer stay put order;

c)  An award of compensatory damages;

d)  Reimbursement for expert witness fees;

e)  An award of attorneys' fees and costs; and

f)  Such other and further relief as appears reasonable and just.

Dated: October 28, 2021                              Respectfully submitted,

                                                     _____
                                                     Kathleen Metcalfe (PA ID
                                                     89135) Raffaele & Associates,
                                                     LLC 1230 County Line Road
                                                     Bryn Mawr, PA 19010
                                                     T: (610) 922-4200
                                                     F: (610) 646-0888
                                                     Katie@MyKidsLawyer.com

                                                     *Counsel for Plaintiffs*

## <u>VERIFICATION</u>

I, J.B., am the Plaintiff in this action and hereby verify that the statements made in the foregoing Emergency Motion for Preliminary Injunction are true and correct to the best of my knowledge, information and belief.

I understand that the statements in said Emergency Motion for Preliminary Injunction are made subject to the penalties of Fed.R.Civ.P. 11, relating to false statements made in pleadings and 18 Pa.C.S. §4904, relating to falsification to authorities.

10/28/2021
_____
Date

_____
J.B.

## **VERIFICATION**

I, C.A.-O., am the Plaintiff in this action and hereby verify that the statements made in the foregoing Emergency Motion for Preliminary Injunction are true and correct to the best of my knowledge, information and belief.

I understand that the statements in said Emergency Motion for Preliminary Injunction are made subject to the penalties of Fed.R.Civ.P. 11, relating to false statements made in pleadings and 18 Pa.C.S. §4904, relating to falsification to authorities.

10/28/2021
_____

Date

_____

C.A.-O.